UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 2:99-cr-387-LRH |
| v. | ORDER |
| ANTHONY FRANK VITO, | |
| Defendant. | |

Before the court is petitioner Anthony Vito's motion to seal records. ECF No. 27[1]. The United States filed a response (ECF No. 30), but Vito failed to reply. The court will deny this motion because the Ninth Circuit Court of Appeals has expressly held that U.S. District Courts lack jurisdiction to expunge (i.e., seal) a record of conviction based solely on equitable considerations such as improved employment opportunities.

**I.  Background**

In 2000, Vito pled guilty to one count of conspiracy to commit an offense against the United States under 18 U.S.C. § 371. ECF No. 27 at 4. This conviction stemmed from a scheme in which Vito falsely reported his vehicle stolen, when in reality he had given the vehicle to members of organized crime in order to profit from the insurance proceeds. *Id*. at 6. Another court within this district sentenced Vito to three years of probation, along with community service and restitution, all of which he successfully completed.

Vito now moves for this court to seal his record of conviction in this matter, attesting that his conviction prevents him from working in the casino industry, where he previously worked for

---
[1] This citation refers to the court's docket number.

over 20 years. ECF No. 27-1 at 1. He also more generally asserts that he seeks this relief so that he "will no longer be plagued with a felony on [his] record." *Id*. at 2.

II. **Discussion**

At the onset, the court notes that, based on the parties' briefings, there appears to be confusion as to what relief Vito is seeking. His petition solely refers to Nevada's statutory scheme for "sealing" a record of conviction. *See* Nev. Rev. Stat. § 179.245 ("Except as otherwise provided . . . a person may petition the court in which the person was convicted for the sealing of all records relating to a conviction . . . ."); *see also id*. § 179.275, .285. These statutes are inapplicable to the instant case, as Vito was convicted of a federal crime before a federal court. Conversely, the United States responds in opposition by citing the standard for filing a document under seal. *See* ECF No. 30 at 1 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)). Nonetheless, the United States also asserts that Vito "mistakes the idea of sealing a record perhaps with that of expunging it . . . ." *Id*. at 2.

This confusion is understandable, as the term "seal" has more than one legal application and varies in use across jurisdictions. State and federal jurisdictions use the term in the context of filing documents in an active case "under seal" (i.e., making these documents inaccessible to the public). *See Kamakana*, 447 F.3d at 1176. However, the Nevada statutes that Vito's petition references appear to also use the term in a manner that is synonymous with what federal courts refer to as "expungement," which is a request for a court to "destroy or seal the records of the fact of the defendant's conviction . . . ." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). The court will therefore interpret the petition as a motion to expunge his record of conviction.

However, the court lacks jurisdiction to address this motion and must therefore deny it. In *United States v. Sumner*, the Ninth Circuit joined many of its sister circuits in holding that, although federal courts do "possess ancillary jurisdiction to expunge criminal records[,]" that "jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." 226 F.3d 1005, 1014 (9th Cir. 2000). The court specifically held that this authority does *not* extend to expunging "a record of a valid arrest and conviction solely for

2

equitable considerations. . . . such as to reward a defendant's rehabilitation and commendable post-conviction conduct" or "to enhance a defendant's employment opportunities." *Id*. This conclusion stems from the principle that federal courts are courts of limited jurisdiction, and thus, in order "to have subject matter jurisdiction to hear an independent action[,] there must be some statutory or constitutional basis for [such] jurisdiction." *Id*. at 1010 (quoting *In re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995)).

No such basis exists in this case, where Vito, like the petitioner in *Sumner*, is requesting relief based solely on the equitable considerations of his post-conviction conduct and the employment consequences of a felony conviction. *See United States v. Brooks-Hamilton*, No. 05-CR-00631-SI-1, 2015 WL 5680907 (N.D. Cal. Sept. 28, 2015) (arriving at the same conclusion in a similar motion to expunge a record of conviction). The court commends Vito on becoming a licensed real-estate agent after his conviction and for being active in volunteer work with his church, but the court lacks the authority to grant him his requested relief. His motion will therefore be denied.

### III. Conclusion

IT IS THEREFORE ORDERED that petitioner Anthony Vito's motion to seal records (ECF No. 27) is **DENIED**.

IT IS SO ORDERED.

DATED this 11th day of April, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE